OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry. Appellant, Benjamin Logan Local School District Board of Education ("Benjamin Logan Local School District") appealed the January 31, 2006 judgment of the Allen County Court of Common Pleas, Juvenile Division, Ohio, designating Benjamin Logan as the school district responsible for the cost of educating Adam William Emrick ("Adam"), a minor who had been adjudicated a delinquent child.
 {¶ 2} On July 25, 2005, the Allen County Court of Common Pleas, Juvenile Division, issued a notice that Adam had been arrested and detained in the Allen County Juvenile Detention Center. On July 26, 2005, a detention hearing was held with Adam and his father, Harry Sutton present. The court ordered that Adam be detained in the Allen County Juvenile Detention Center until further order by the court. In the July 26, 2005 Order to Detain, the court designated the "Logan" School District to bear the cost of Adam's education. In addition, Harry Sutton filed on that same day a Financial Disclosure/Affidavit of Indigency stating that Adam lived at his residence of 1052 South Central Avenue, Lima, Ohio 45804 with him.
 {¶ 3} On August 1, 2005, the delinquency complaint was filed establishing that the "name of the person or persons having custody or control or with whom he now resides are: HarrySutton, father, * * *, residing at 1052 South Central Avenue,Lima, Ohio 45804." On August 2, 2005, a summons was issued to Adam's mother, Claudia Davis, at 4000 Alpine Parkway, Lot S1, Zanesfield, Ohio 43701 serving a certified copy of the complaint upon her. This was the first acknowledgment of Claudia Davis. On August 4, 2005, Claudia Davis filed a Notice of Address Change indicating that she was to receive notices at the above stated Zanesfield, Ohio address. On August 16, 2005, she filed another Notice of Address Change indicating that her new address was 102 ½ North High Street, Lafayette, Ohio 45854. Again, on August 26, 2005, she filed a Notice of Address Change stating that her new address was P.O. Box 7001, Layfayette, Ohio 45850.
 {¶ 4} On September 6, 2005, a Magistrate's Decision and Order of the Court were filed adjudicating Adam a delinquent child and committing him to the legal care and custody of the Ohio Department of Youth Services, Columbus, Ohio. In addition, the Magistrate's Decision stated that the Allen East Local School District should bear the cost of education during Adam's treatment program. However, on September 13, 2005, a Judgment Entry was journalized establishing a change in financial responsibility to the Benjamin Logan Local School District because "[u]pon further review of the matter, * * * the custodial parent of the minor child, the mother Claudia Davis, resided at 4000 Alpine, Lot S1, Zanesfield, Ohio at the time of the child's arrest and detention, which address is within the Benjamin Logan School District."
 {¶ 5} On January 31, 2006, the Allen County Court of Common Pleas, Juvenile Division, filed a Judgment Entry regarding further consideration of its judgment entry dated September 12, 2005, wherein the court ordered the cost of education of Adam to be paid by the Benjamin Logan Local School District. Specifically, the matter was before the court for further consideration at the request of the Superintendent of the Benjamin Logan Local School District, Logan County, Ohio. The court stated the following in its January 31, 2006 judgment entry:
The Court finds that its judgment entry of September 12, 2005was modified to order payment of cost of education by theBenjamin-Logan School District upon the premises that the child'scustodial parent was a resident of the Benjamin-Logan SchoolDistrict at the time of removal of the child from her custody.The Court further finds that the child has not been returned tothe custody of the mother, who has subsequently moved herresidence to another school district and that consequently, inaccordance with Ohio Revised Code Section 2151.357 and OhioRevised Code Section 3313.64, the cost of the child's educationshall be born by the school district in which the child'sresidential parent resided at the time of the court-orderedremoval. The child was removed from the mother's residence, whowas the residential parent, on July 26, 2005, placed in the AllenCounty Juvenile Detention Facility and as indicated, has notreturned to the custody of the mother since the initial removal.
 Although Affidavits provided this Court by the Superintendentof the Benjamin-Logan School District and an Affidavit providedby the mother of the child reflect that the site of removal wasonly a temporary residence, the Court finds that for schoolattendance purposes, a child becomes a resident in the schooldistrict as soon as he acquires any kind of home in thatdistrict, whether or not that particular home is permanent ortemporary in nature. * * *
The affidavits referred to in the January 31, 2006 judgment entry were not attached as exhibits and are not found in the record. On March 2, 2006, Benjamin Logan Local School District filed a notice of appeal. On April 6, 2006, Benjamin Logan Local School District moved the Allen County Court of Common Pleas, Juvenile Division to supplement the record with two affidavits that ostensibly had been referred to by the court in its January 31, 2006 judgment entry. On April 7, 2006, the court supplemented the record by including the two documents. However, the first affidavit was written by Diane Smith, the manager of Royal Coach Estates, providing that Adam's step-grandmother was a resident of Zanesfield; that Adam's mother had stayed with Adam's step-grandmother for a time in the summer; but that Adam never stayed with his step-grandmother. The second affidavit was written by Darlene Davis, Adam's step-grandmother, stating that his mother had only stayed a couple of weeks as a guest while Adam lived in Lima. Further, she stated that "when he was removed from the family he was living with his father, Harry Sutton 1052 South Central Lima Ohio 45802."
 {¶ 6} In the notice of appeal filed by Benjamin Logan Local School District on March 2, 2006, the following assignments of error were raised:
 Assignment of Error 1 THE JUVENILE COURT'S JANUARY 31, 2006 JUDGMENT ENTRY ORDERINGAPPELLANT, PURSUANT TO R.C. 2151.357 AND 3313.64 TO BEAR THE COSTOF EDUCATING THE CHILD WAS AGAINST THE MANIFEST WEIGHT OF THEEVIDENCE.
 Assignment of Error 2 ABSENT A CONCLUSION BY THIS COURT THAT APPELLANT IS NOT THEFINANCIALLY RESPONSIBLE SCHOOL DISTRICT, THIS MATTER SHOULD BEREMANDED FOR AN EVIDENTIARY HEARING ON THE ISSUE OF WHICH SCHOOLDISTRICT SHOULD BEAR THE COST OF EDUCATING THE CHILD.
 {¶ 7} Benjamin Logan Local School District asserts that the juvenile court's judgment entry ordering Benjamin Logan Local School District to bear the cost of educating Adam was against the manifest weight of the evidence. It also alleges that absent a conclusion by this Court that Benjamin Logan Local School District is not the financially responsible school district, the matter should be remanded for an evidentiary hearing on the issue to determine which school district should bear the cost of educating Adam.
 {¶ 8} A judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Const. Co.
(1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus of the Court.
 {¶ 9} Pursuant to R.C. 2151.357,
In the manner prescribed by division (C)(2) of section 3313.64of the Revised Code, the court, at the time of making any orderthat removes a child from the child's own home or that vestslegal or permanent custody of the child in a person other thanthe child's parent or a government agency, shall determine theschool district that is to bear the cost of educating the child.The court shall make the determination a part of the order thatprovides for the child's placement or commitment.
 {¶ 10} According to R.C. 3313.64(C),
 * * * If the district admits a child under division (B)(2) ofthis section, tuition shall be paid to the district that admitsthe child as follows:
* * *
(2) Except as otherwise provided in division (C)(2)(d) of thissection, if the child is in the permanent or legal custody of agovernment agency or person other than the child's parent,tuition shall be paid by:
 (a.) The district in which the child's parent resided at thetime the court removed the child from home or at the time thecourt vested legal or permanent custody of the child in theperson or government agency, whichever occurred first;
 (b.) If the parent's residence at the time the court removedthe child from home or placed the child in the legal or permanentcustody of the person or government agency is unknown, tuitionshall be paid by the district in which the child resided at thetime the child was removed from home or placed in legal orpermanent custody, whichever occurred first;
 (c.) If a school district cannot be established under division(C)(2)(a) or (b) of this section, tuition shall be paid by thedistrict determined as required by section 2151.357 of theRevised Code by the court at the time it vests custody of thechild in the person or government agency; * * *.
R.C. 3313.64(A)(1)(a) defines parent as:
[E]ither parent, unless the parents are separated or divorcedor their marriage has been dissolved or annulled, in which case`parent' means the parent who is the residential parent and legalcustodian of the child.
 {¶ 11} In order to determine which school district should bear the cost of educating Adam, the Juvenile Court must determine: (1) who was Adam's residential parent and legal custodian since the parents were not living together at the time of Adam's arrest and (2) where that parent resided on July 25, 2006.
 {¶ 12} In this case, the Juvenile Court states that Claudia Davis was the custodial parent of the minor child in its September 13, 2005 Judgment Entry. Furthermore, the Juvenile Court found in its reconsideration of the September 13, 2005 Judgment Entry that Claudia Davis was the residential parent of the minor child in its January 31, 2006 Judgment Entry. However, there is no evidence in the record that indicates that Claudia Davis is the custodial or residential parent of Adam other than the conclusory statements made by the Juvenile Court. At the time of the Juvenile Court's July 26, 2005 order removing Adam from his home, the only evidence in the record indicated that Adam was residing with Harry Sutton, his father. Both the July 26, 2005 Order to Detain and the July 26, 2005 Financial Disclosure/Affidavit of Indigency indicated that Adam lived at 1052 South Central Avenue, Lima, Ohio 45804 with Harry Sutton. In sum, there is no evidence in the record that indicates whether or not Harry Sutton and Claudia Davis have been divorced or separated or whether Harry Sutton or Claudia Davis were the residential parent and legal custodian of Adam at the time that Adam was removed from his home.
 {¶ 13} In addition, Benjamin Logan Local School District argues that even if Claudia Davis was the residential parent and legal custodian of Adam when he was removed from his home, the record only establishes the residence of Claudia Davis at 4000 Alpine Parkway, Lot S1, Zanesfield, Ohio 43701 during the time period between August 2 through 16, 2005. Therefore, there is nothing in the record that indicates that Claudia Davis was residing at the Zanesfield, Ohio address on July 25, 2005, the operative date for invocation of R.C. 3313.64(C) in this case.
 {¶ 14} Finally, as noted earlier, the Juvenile Court stated in its January 31, 2006 Judgment Entry that affidavits provided by the Superintendent of the Benjamin Logan Local School District and Claudia Davis reflected that the site of Adam's removal was from Zanesfield, Ohio which was a temporary residence. However, the only two affidavits in the record were prepared by the manager of Royal Coach Estates and Adam's step-grandmother, not the Superintendent and Adam's mother. Meanwhile, the record that does exist seems to indicate that Adam either was in the custody or control of or resided with Harry Sutton, his father at the time of his removal from his home.
 {¶ 15} Upon review of the record, we are unable to determine that the trial court had competent, credible evidence to establish that Claudia Davis was the residential parent and legal custodian and that Claudia Davis resided in the Benjamin Logan Local School District when Adam was removed from his home. Given the confusion in the record and the lack of substantive evidence necessary to establish which school district should bear the cost of educating Adam, we find that we are unable to properly review or determine this issue.
 {¶ 16} Accordingly, and to this extent only, the assignments of error are sustained. The January 31, 2006 Judgment of the Juvenile Court is vacated and the matter is remanded to the trial court for an evidentiary hearing to determine which school district should bear the cost of educating Adam pursuant to the requirements of R.C. 3313.64(C).
Judgment vacated and remanded.
 Rogers and Cupp, JJ., concur.