[Cite as *In re D.B.*, 2022-Ohio-2624.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

IN RE:

      CASE NO. 2-22-05

    D.B.,

**ADJUDICATED DEPENDENT CHILD.**

[RIVERSIDE LOCAL SCHOOL        O P I N I O N
DISTRICT BOARD OF EDUCATION –
INTERVENOR-APPELLANT]

---

**Appeal from Auglaize County Common Pleas Court
Juvenile Division
Trial Court No. 2018 NAD 175**

**Judgment Reversed and Cause Remanded**

**Date of Decision:  August 1, 2022**

---

**APPEARANCES:**

    *Jennifer A. Flint* **for Appellant**

**WILLAMOWSKI, J.**

{¶1} Appellant Riverside Local School District Board of Education ("RLSD") appeals the judgment of the Juvenile Division of the Auglaize County Court of Common Pleas, alleging that the trial court erred by naming RLSD as the financially responsible school district for D.B. For the reasons set forth below, the judgment of the trial court is reversed.

*Facts and Procedural History*

{¶2} D.B. was born in August of 2018. Doc. 1. On September 14, 2018, the Auglaize County Department of Job and Family Services ("DJFS") filed a complaint with the trial court that alleged D.B. was a dependent child. Doc. 1. DJFS alleged that, on September 10, 2018, D.B. had been taken to Joint Township District Memorial Hospital and then transferred to Dayton Children's Hospital. Doc. 1. At this time, D.B.'s father was incarcerated at the Auglaize County Correction Center, and his mother had been hospitalized at the Miami Valley Hospital for mental health issues. Doc. 1.

{¶3} The address that was listed for D.B.'s mother in the complaint was for a location in Fort Loramie, Ohio. Doc. 1. On September 14, 2018, a certified letter for D.B.'s mother was sent to this address. Doc. 8. However, the mailing receipt that was returned was signed by D.B.'s grandmother, not D.B.'s mother. Doc. 9, 18. *See also* Doc. 32. On September 14, 2018, the trial court placed D.B. in the temporary custody of DJFS. Doc. 2. D.B. was then placed in a foster home under

the care of Sarah and Michael McFarlin (collectively "the McFarlins"). Doc. 60, 114. The McFarlins lived in De Graff, Ohio, which is located in the RLSD. Doc. 189, 193.

{¶4} After a shelter care hearing on September 17, 2018, the trial court determined that D.B. should remain in the temporary custody of DJFS. Doc. 13. On November 9, 2018, the trial court held an adjudicatory hearing at which D.B.'s parents admitted that D.B. was a dependent child. Doc. 36. The trial court again determined that D.B. should remain in the temporary custody of DJFS. Doc. 36. On March 6, 2019, a certified letter for D.B.'s mother was sent to an address in Lima, Ohio. Doc. 46, 47. However, this certified letter was returned unclaimed. Doc. 50. On April 17, 2019, another certified letter for D.B.'s mother was sent to this address in Lima, Ohio. Doc. 65. Again, the certified letter was returned unclaimed. Doc. 72.

{¶5} By this point, D.B.'s mother had filed a document with the trial court that listed her address as being on South Hamilton Street in Minster, Ohio. Doc. 60. On June 10, 2019, a certified letter for D.B.'s mother was sent to an address on Lincoln Street in Minster, Ohio. Doc. 76. On June 17, 2019, the mailing receipt that was returned had been signed by D.B.'s mother. Doc. 78. On September 5, 2019, a certified letter for D.B.'s mother was sent to the address on Lincoln Street in Minster, Ohio. Doc. 96. On September 16, 2019, the mailing receipt that was returned had been signed by D.B.'s mother. Doc. 105.

**{¶6}** On November 7, 2019, the McFarlins filed a motion to intervene with the intention of filing a motion for legal custody of D.B. Doc. 114. On November 7, 2019, a certified letter for D.B.'s mother was sent to an address on N. Cleveland Street in Minster, Ohio. Doc. 115, 116. However, the certified letter was returned unclaimed. Doc. 134. *See* Doc. 141. Subsequent letters to D.B.'s mother that were sent to this address on N. Cleveland Street in Minster, Ohio were returned as undeliverable. Doc. 151, 156, 157. After their motion to intervene was granted, the McFarlins filed a motion for legal custody of D.B. on November 26, 2019. Doc. 121, 136. On July 20, 2020, the trial court issued an agreed judgment entry that granted the McFarlins legal custody of D.B. Doc. 179.

**{¶7}** On September 30, 2021, RLSD filed a motion to intervene in this action, noting that the trial court's judgment entry did not name the school district that would be responsible for the costs of D.B.'s education. Doc. 189. RLSD argued that the Minster Local School District ("MLSD") should be designated as the financially responsible school district. Doc. 189, 190. On September 30, 2021, the trial court denied RLSD's motion to intervene. Doc. 191. The trial court stated the following in its decision:

> **The child in question just turned three years of age \* \* \*. The Court does not believe that a public education is required until the time the child reaches the age of five \* \* \*. Additionally, at the time of the filing of the Complaint in this matter, *the natural mother of the child was living with her mother in Fort Loramie, Ohio*. The father was incarcerated. Accordingly, the Court finds**

> **that this request is premature and directed toward the wrong school district.**

(Emphasis added.) Doc. 191. In response, RLSD filed a motion for reconsideration on December 15, 2021. Doc. 193. RLSD reported that D.B. had a disability and that D.B. could, therefore, be admitted to school prior to the age of five. Doc. 193. RLSD then requested that the Fort Loramie Local School District ("FLLSD") be named as the financially responsible school district. Doc. 193. RLSD also filed another motion to intervene. Doc. 194.

{¶8} On January 3, 2021, the trial court issued a judgment entry that designated RLSD as the school district that was financially responsible for the costs of D.B.'s education. Doc. 197. This entry reads, in part, as follows:

> **The Riverside Local School District argues that the school district responsible should be Fort Loramie Local School District[;]** *however, the Court cannot find any information that the parents of the child or the child himself ever resided in the Fort Loramie Local School District.* **What would appear that at a time, the mother of the child * * * resided in the Minster Local School District and initially when Riverside Local School District asked to intervene it included Minster Local School District in its pleadings. However, thereafter Minster Local School District was excluded and Fort Loramie Local School District was chosen. The Court has no current information on the mother * * *, nor has it ever had any information on the father * * *, other than at the time of the filing of the Complaint in 2018 the father was a resident of the Auglaize County Correctional Center.**

(Emphasis added.) Doc. 197. The trial court then named RLSD as the school district that was financially responsible for D.B.'s education, giving the following rationale for its decision:

> **[T]he legal custody of this child is vested in Sarah and Michael McFarlin at the time he was less than 2 years of age and his school district should be the school district in which the legal custodian's reside as they now have, among other duties, the duty to provide the child with education.**

Doc. 197. RLSD filed its notice of appeal on February 1, 2022. Doc. 202. On appeal, RLSD raises the following two assignments of error:

### First Assignment of Error

**The juvenile court erred as a matter of law when it failed to designate a school district responsible for the cost of educating the child pursuant to R.C. 2151.362(A)(1)—at the latest—when it awarded custody to the McFarlins on July 20, 2020.**

### Second Assignment of Error

**The juvenile court erred as a matter of law in designating Riverside Local School District—the district where custodians and child are currently residing—as the school district responsible for the cost of educating the child and, instead, should have designated the school district where Mother was residing.**

We will consider both of these assignments of error together.

*Legal Standard*

{¶9} "Chapter 2151 [of the Ohio Revised Code] governs juvenile courts." *In re A.K.*, 7th Dist. Mahoning No. 08-MA-194, 2009-Ohio-5074, ¶ 19. R.C. 2151.362 addresses the cost of education and reads, in its relevant part, as follows:

> **In the manner prescribed by division (C)(1) or (2) of section 3313.64 of the Revised Code, as applicable, the court, at the time of making any order that removes a child from the child's own home or that vests legal or permanent custody of the child in a person other than the child's parent or a government agency, shall determine the school district that is to bear the cost of**

**educating the child. The court shall make the determination a part of the order that provides for the child's placement or commitment. \* \* \*.**

R.C. 2151.362(A)(1). To make this determination, R.C. 2151.362(A)(1) directs trial courts to the requirements listed in R.C. 3313.64(C)(1)-(2). R.C. 2151.362(A)(1).

{¶10} "Chapter 3313 [of the Ohio Revised Code governs] \* \* \* boards of education and the administration of schools." *In re A.K.* at ¶ 19. "R.C. 3313.64 controls the school district in which a child must be admitted and determines whether tuition is owed and who must pay it." *Id.* The determination as to which school district is financially responsible for a child under R.C. 3313.64(C)(1)-(2) depends on whether the child "receives special education." R.C. 3313.64(C)(1).

{¶11} "If the child receives special education \* \* \*," then R.C. 3313.64(C)(1) applies, and "the school district of residence, as defined in section 3323.01 of the Revised Code, shall pay tuition for the child \* \* \*." R.C. 3313.64(C)(1). In turn, R.C. 3323.01 reads, in its relevant part, as follows:

**(L) 'School district of residence,' as used in sections 3323.09, 3323.091, 3323.13, and 3323.14 of the Revised Code, means:**

**(1) The school district in which the child's natural or adoptive parents reside;**

**(2) If the school district specified in division (L)(1) of this section cannot be determined, the last school district in which the child's natural or adoptive parents are known to have resided if the parents' whereabouts are unknown;**

**(3) If the school district specified in division ([L])(2) of this section cannot be determined, the school district determined under**

> **section 2151.362 of the Revised Code, or if no district has been so determined, the school district as determined by the probate court of the county in which the child resides.**
>
> **(4) Notwithstanding divisions ([L])(1) to (3) of this section, if a school district is required by section 3313.65 of the Revised Code to pay tuition for a child, that district shall be the child's school district of residence.**

R.C. 3323.01(L).[1] However, under R.C. 3313.64(C)(2), if a child "does not receive special education" and "is in the permanent or legal custody of a government agency or person other than the child's parent," then "tuition shall be paid by:"

> **(a) The district in which the child's parent resided at the time the court removed the child from home or at the time the court vested legal or permanent custody of the child in the person or government agency, whichever occurred first;**
>
> **(b) If the parent's residence at the time the court removed the child from home or placed the child in the legal or permanent custody of the person or government agency is unknown, tuition shall be paid by the district in which the child resided at the time the child was removed from home or placed in legal or permanent custody, whichever occurred first;**
>
> **(c) If a school district cannot be established under division (C)(2)(a) or (b) of this section, tuition shall be paid by the district determined as required by section 2151.362 of the Revised Code by the court at the time it vests custody of the child in the person or government agency;**
>
> **\* \* \***

---

[1] The text of R.C. 3323.01(L)(3) refers to "division (M)(2) of this section \* \* \*." R.C. 3323.01(L)(3). Similarly, the text of R.C. 3323.01(L)(4) refers to "division (M)(1) to (3) of this section \* \* \*." R.C. 3323.01(L)(4). However, R.C. 3323.01 does not contain a division (M)(1), (2), or (3). R.C. 3323.01. Based on the context of this provision, we believe that R.C. 3323.01(L)(3) was intended to refer to section (L)(2) of R.C. 3323.01 and that R.C. 3323.01(L)(4) was intended to refer to section (L)(1) to (3) of R.C. 3323.01.

R.C. 3313.64(C)(2). After the trial court has determined the financially responsible school district, then the department of education may, pursuant to R.C. 2151.362(A)(2), "name a different school district" to be financially responsible for the cost of the child's education in the event that the parent's residence changes "while the child is in the custody of a person other than the child's parent or a government agency * * *." R.C. 2151.362(A)(2).

{¶12} On appeal, "judgment[s] supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *In re Emerick*, 3d Dist. Allen No. 1-06-17, 2006-Ohio-3235, ¶ 8 (reviewing a trial court's determination of the financially responsible school district for a minor child), quoting *C.E. Morris Co. v. Foley Const. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

*Legal Analysis*

{¶13} In this case, the trial court issued an agreed judgment entry on July 20, 2020. Doc. 179. This order awarded legal custody of D.B. to the McFarlins. Doc. 179. R.C. 2151.362(A)(1) directs a trial court to "determine the school district that is to bear the cost of educating the child" "at the time of making *any* order that * * * vests *legal * * * custody* of the child in a person other than the child's parent or a government agency." (Emphasis added.) R.C. 2151.362(A)(1). However, the

agreed judgment entry did not name the school district that was to be financially responsible for the costs of D.B.'s education. Doc. 179. *See* Doc. 191, 197.

{¶14} In several motions, RLSD brought this omission to the attention of the trial court. Doc. 189, 190, 193, 194. In response, the trial court eventually issued an order that named RLSD as the financially responsible school district. Doc. 197, 199. The trial court stated the following reason for this determination:

> **[T]he legal custody of this child is vested in Sarah and Michael McFarlin at the time he [D.B.] was less than 2 years of age and his school district should be the school district in which the legal custodian's reside as they now have, among other duties, the duty to provide the child with education.**

Doc. 197. While the trial court's reasoning provides a logical and straightforward resolution to this question, R.C. 3313.64(C) does not list the residence of the legal custodians of a child as the basis for naming a financially responsible school district. R.C. 3313.64(C) expressly directs trial courts to make this determination on the basis of other considerations.

{¶15} Further, having examined the requirements of R.C. 3313.64(C), we cannot conclude that the findings currently contained in the judgment entry support the determination of the trial court. Accordingly, we remand this cause of action to the trial court for an evidentiary hearing on this matter. *Emerick, supra*, at ¶ 16. The trial court must first determine whether R.C. 3313.64(C)(1) or R.C. 3313.64(C)(2) is applicable based upon the educational needs of D.B. *See* R.C. 3313.64(C)(1)-(2). If R.C. 3313.64(C)(1) is applicable, the trial court must

determine the "school district of residence" using the following definitions set forth

in R.C. 3323.01(L):

> **(1) The school district in which the child's natural or adoptive parents reside;**
>
> **(2) If the school district specified in division (L)(1) of this section cannot be determined, the last school district in which the child's natural or adoptive parents are known to have resided if the parents' whereabouts are unknown;**
>
> **(3) If the school district specified in division ([L])(2) of this section cannot be determined, the school district determined under section 2151.362 of the Revised Code, or if no district has been so determined, the school district as determined by the probate court of the county in which the child resides.**
>
> **(4) Notwithstanding divisions ([L])(1) to (3) of this section, if a school district is required by section 3313.65 of the Revised Code to pay tuition for a child, that district shall be the child's school district of residence.**

R.C. 3323.01(L)(1)-(4). *See* R.C. 3313.64(C)(1). If R.C. 3313.64(C)(2) is

applicable, then the trial court must determine:

> **(a) The district in which the child's parent resided at the time the court removed the child from home or at the time the court vested legal or permanent custody of the child in the person or government agency, whichever occurred first;**
>
> **(b) If the parent's residence at the time the court removed the child from home or placed the child in the legal or permanent custody of the person or government agency is unknown, tuition shall be paid by the district in which the child resided at the time the child was removed from home or placed in legal or permanent custody, whichever occurred first;**
>
> **(c) If a school district cannot be established under division (C)(2)(a) or (b) of this section, tuition shall be paid by the district**

**determined as required by section 2151.362 of the Revised Code
by the court at the time it vests custody of the child in the person
or government agency;**

R.C. 3313.64(C)(2)(a)-(c). In conclusion, to the extent that the trial court failed to name a financially responsible school district in accordance with the requirements of R.C. 2151.362(A)(1) and R.C. 3313.64(C), RLSD's two assignments of error are sustained. *See Emerick, supra*, at ¶ 16.

*Conclusion*

{¶16} Having found error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Juvenile Division of the Auglaize County Court of Common Pleas is reversed. This cause of action is remanded to the trial court for further proceedings consistent with this opinion. Furthermore, there being no party opponent in this appeal, the costs are assessed to the Appellant.

*Judgment Reversed
And Cause Remanded*

**MILLER and SHAW, J.J., concur.**

**/hls**